IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00628-EWN-MEH

ARISTA RECORDS LLC, a Delaware limited liability company;
BMG MUSIC, a New York general partnership
SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership;
UMG RECORDINGS, INC., a Delaware corporation;
WARNER BROS. RECORDS INC., a Delaware corporation;
ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation;
PRIORITY RECORDS LLC, a California limited liability company;
CAPITOL RECORDS, INC., a Delaware corporation;
INTERSCOPE RECORDS, a California general partnership;
MAVERICK RECORDING COMPANY, a California joint venture;
LAVA RECORDS LLC, a Delaware limited liability company; and
LAFACE RECORDS LLC, a Delaware limited liability company;

       Plaintiffs;

v.

DOES 1-9,

       Defendants.

---

**ORDER ON EX PARTE APPLICATION FOR LEAVE
TO TAKE IMMEDIATE DISCOVERY**

---

       Plaintiffs have filed an Ex Parte Application for Leave to Take Immediate Discovery (Docket #2) ("Ex Parte Application").  This motion has been referred to this Court by District Judge Edward Nottingham (Docket #7).   In their motion and supporting brief, Plaintiffs seek leave of Court in advance of a Rule 26(f) conference to conduct immediate but limited discovery with regard to a third party Internet Service Provider ("ISP") for purposes of allowing the Plaintiffs to determine the true identities of the Doe Defendants in this copyright infringement action.  For the reasons stated below, the Court **grants**, in part, and **denies**, in part, the Ex Parte Application.

## I.      Facts

Plaintiffs allege copyright infringement against nine Doe Defendants for distribution and/or duplication of copyrighted sound recordings owned or controlled by the Plaintiffs via an online media distribution system, without the Plaintiffs' authorization and in violation of federal copyright laws. At this time, the Plaintiffs are only able to identify the Defendants by their Internet Protocol ("IP") addresses.  Therefore, the Plaintiffs seek leave of court to undertake expedited discovery to obtain identifying information from the Defendants' Internet Service Provider ("ISP") prior to the time authorized for such discovery as provided by the Federal Rules of Civil Procedure.  Specifically, the Plaintiffs desire to serve a Rule 45 subpoena upon Qwest Communications Corp. ("Qwest"), the ISP which has been identified for the Defendants, to obtain subscriber activity logs or documents identifying each of the Defendants' true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses).  Plaintiffs request that any order issued by Court in this regard make clear that Qwest is authorized to respond to the subpoena pursuant to the Cable Communications Act[1] ("Cable Act"), *see* 47 U.S.C. § 551(c), because it is the Plaintiffs' position that the Cable Act does not apply to cable Internet providers.   **II.**

## Discussion

As Plaintiffs note, discovery prior to a Rule 26(f) conference may be permitted in the discretion of the Court upon a showing of good cause.  *See Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. Northern Feed*

---

[1]The Cable Communications Policy Act generally prohibits the disclosure of certain personal information regarding subscribers which is possessed by cable television companies.  Plaintiffs indicate that "cable ISPs have expressed concern about their obligations under the Cable Act, and some have taken the position that a court order is required before they will disclose subscriber information."

*& Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).  In this case, Plaintiffs allege several bases for establishing good cause.  Primary among these is the indication that an ISP typically retains user activity logs for only a limited time, and then the logs are erased.  Without these logs, the true identities of the Defendants may never be known.  Plaintiffs have proposed narrowly tailored discovery which will ultimately permit them to serve process if possible and move forward with this lawsuit, by use of a Rule 45 subpoena served upon the Defendants' ISP, Qwest.

However, while the Court finds that the limited discovery proposed by the Plaintiffs is appropriate, the Court declines the Plaintiffs' invitation to frame an order which will make resolution of the issue of whether the Cable Act applies to cable Internet providers unnecessary based solely upon the beliefs expressed by the Plaintiffs in their current motion. Accordingly, Plaintiffs shall serve a copy of this Order along with the subpoena and Qwest may move to quash the subpoena if it deems appropriate and as allowed by the Federal Rules of Civil Procedure.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff's Ex Parte Application for Leave to Take Immediate Discovery [Filed March 29, 2007; Docket #2] is **granted**, in part, and **denied**, in part, as follows:

1.    Plaintiffs are authorized to serve the subpoena they have requested upon Qwest, seeking information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

2.    Any information disclosed to Plaintiffs in response to the subpoena may be used by the Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act, as set forth in the Complaint.

3.    Plaintiffs shall serve a copy of this Order along with the subpoena.

4.      No directive set forth herein abrogates the protections afforded to Qwest
        under Fed.R.Civ.P. 45(c).

Dated at Denver, Colorado, this 4th  day of April, 2007.

                        BY THE COURT:


                         s/ Michael E. Hegarty
                        Michael E. Hegarty
                        United States Magistrate Judge

4